**United States District Court**

for the

**Western District of Wisconsin**

FILED/REC'D

2026 JUL 28 A 10: 5

U.S. ... ....OURT
...... WI

Randal Robida, Individually and doing business as USA2Everywhere



*Plaintiff*

v.

Isaiah Dixon

Samuel Dixon

Edith Merab

Rudolph Merab

*Defendants*

Case No. _____

## COMPLAINT

Plaintiff Randal Robida, appearing pro se, respectfully alleges as follows for his Complaint against the above-named Defendants:

### I JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. 1331 because Plaintiff's claims arise under the laws of the United States, specifically the Defend Trade Secrets Act (DTSA), 18 U.S.C 1836 and the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. 1030.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims (Counts I through VIII) pursuant to 28 U.S.C. 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

3. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events, omissions, and digital intrusions giving rise to the claims occurred in St. Croix County, Wisconsin, within this judicial district, and the electronic systems targeted are located in this district.

## II THE PARTIES

4. Plaintiff Randal Robida an individual was at all times the lawful owner and operator of USA2Everywhere located in St. Croix County, Wisconsin.

5. Defendant Isaiah Dixon is an individual living at 365 Nicolet, Minneapolis, Minnesota 55401and is a former employee of Plaintiff.

6. Defendant Samuel Dixon is an individual living at 7501 Greenfield Avenue, St. Paul, Minnesota 55112.

7. Defendant Edith Merab is an individual living at 1034 Hillsborough Chase NW, Kennesaw, Georgia 30144.

8. Defendant Rudolph Merab is an individual living at 1034 Hillsborough Chase NW, Kennesaw, Georgia 30144.

## III FACTUAL ALLEGATIONS

9. Plaintiff owned and operated a proprietary business that primarily served an extensive international clientele located overseas.

10. As a core asset of the business, Plaintiff built and maintained a highly confidential, electronically secured backend database containing the proprietary information of over 50,000 international customers.  This data included customer names, physical addresses, email addresses, and telephone numbers.

11. Plaintiff took strict, reasonable measures to maintain the secrecy and security of this electronic database, which derived immense independent economic value from not being generally known to the public or competitors.

12. In addition to the customer database, Plaintiff owned and controlled digital marketing and branding infrastructure, including the company's official Facebook Business Page.

13. Defendant Isaiah Dixon was employed by Plaintiff and, by virtue of his employment, possessed insider knowledge and restricted access credentials to the backend office of Plaintiff's electronic database. Defendant Isaiah Dixon owed a duty of loyalty and confidentiality to Plaintiff.

14. On or about January 2023, Defendant Isaiah Dixon, acting in concert conspiracy with Defendants Samuel Dixon, Edith Merab, and Rudolph Merab, used his insider knowledge and credentials to access Plaintiff's backend office database without authorization or in excess of authorized access.

15. Defendants unlawfully downloaded, copied, and exfiltrated the data of over 50,000 of Plaintiff's international customers.

16. Simultaneously, Defendants unlawfully hijacked, seized control of, and converted Plaintiff's official Facebook Business Page. Defendants modified the administrative access credentials to permanently lock Plaintiff out of his own digital asset.

17. Defendants subsequently renamed Plaintiff's Business Facebook Page to Shop and Ship Express, LLC without authorization or consent.

18. Defendants utilized the stolen 50,000+ customer list and the hijacked Facebook Infrastructure to systematically contact Plaintiff's overseas clients.

19. In these communications, Defendants falsely and deceptively informed Plaintiff's international clients that the business was simply under "new management," intentionally

misleading the public to divert Plaintiff's goodwill and customer base to their renamed entity.

20. The unauthorized digital intrusion, data exfiltration, and computer crimes were reported to and investigated by the St. Croix County Sheriff's Department (Wisconsin) starting in May 2023.

21. Following a forensic investigation, the St. Croix County Sheriff's Department officially verified and confirmed that computer crimes had been committed by the Defendants via unauthorized backend systems access.

## IV CAUSES OF ACTIONS

COUNT I: Computer Crimes/Unauthorized Access to Defraud (Against All Defendants – Wis. Stat. 943.70)

22. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Defendants knowingly, willingly, and without authorization accessed Plaintiff's backend electronic database.

24. Defendants executed this unauthorized access with the express intent to defraud Plaintiff, disrupt operations, and misappropriate proprietary data.

25. As a direct result, Plaintiff has suffered severe economic damage.  Plaintiff seeks compensatory damages, consequential damages, and permanent injunctive relief restraining Defendants from further system access.

COUNT II: Unauthorized Use of Entity's Identifying Information (Against All Defendants –

Wis. Stat. 943.203)

26. Plaintiff incorporates paragraphs 1 through 21 as if fully set herein.

27. Defendants unlawfully utilized Plaintiff's unique business identity, digital branding,

and social media infrastructure without consent.

28. Defendants misrepresented themselves as the "new management" of Plaintiff's

entity to intercept international clientele.

29. As a direct result, Plaintiff has suffered severe reputational harm, lost business

value, and seeks full compensatory damages.

COUNT III:  Civil Theft/Conversion of Digital Property (Against All Defendants – Wis, Stat.

895.446, 943.20)

30. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

31. Defendants permanently deprived Plaintiff of his digital property, specifically the

proprietary customer database and social media assets, converting them to their

own commercial use.

32. Pursuant to Wis. Stat. 895.446, Plaintiff is a victim of property theft and under

943.20 is entitled to bring this civil action.

33. Plaintiff demands exemplary damages equal to two times the amount of actual

damages, plus all reasonable attorney fees and investigative costs.

COUNT IV: Fraudulent Misrepresentation to the to the Public (Against All Defendants – Wis.

Stat. 100.18)

34. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

35. Defendants made false, deceptive, and misleading representations to the public

and Plaintiff's overseas customers via digital communications, falsely stating that

Plaintiff's business was under "new management."

36. These statements were made to induce international clients into transferring

business to the Defendants renamed entity.

37. Plaintiff demands two times the pecuniary loss suffered, alongside full recovery of

attorney fees.

COUNT V: Tortious Interference with Business Relations (Against All Defendants –
Common Law)

38. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

39. A valid, long-standing business relationship existed between Plaintiff and his

50,000+ overseas clients.

40. Defendants possessed full knowledge of these relationships and intentionally,

improperly interfered with them by hijacking communications.

41. Plaintiff demands compensatory damages for all lost international profits directly

resulting from this interference.

COUNT VI:  Civil Conspiracy to Defraud (Against All Defendants – Wis. Stat. 134.01)

42. Plaintiff incorporates paragraphs 1 through 21 as if set forth herein.

43. Defendants acted in concert, combining their execution for the malicious purpose

of injuring Plaintiff's trade, business, and reputation.

44. Plaintiff demands that all Defendants be held jointly and severally liable for all financial injuries sustained.

COUNT VII: Defamation/Trade Libel (Against All Defendants – Common Law)

45. Plaintiff incorporates paragraphs1 through 21 as if fully set forth herein.

46. Defendants published false, unprivileged, and misleading statements regarding the ownership, management, and operational status of Plaintiff's business to international clients.

47. These statements directly degraded Plaintiff's commercial standing and business integrity.

48. Plaintiff demands actual compensatory damages for reputational harm, as well as punitive damages for intentional malice.

COUNT VIII:  Trade Secret Misappropriation (State) (Against All Defendants – Wis. Sta. 134.90 – WUTSA)

49. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

50. Plaintiff's electronic database of 50,000+ international customers constitutes a trade secret under Wisconsin Law, as it was subject to security measures and derived immense independent economic value.

51. Defendants misappropriated this database through improper insider access.

52. Plaintiff demands compensation for actual losses, damages for unjust enrichment, and up to two times punitive damages for willful and malicious misappropriation.

COUNT IX:  Trade Secret Misappropriation (Federal) (Against All Defendants – 18 U.S.C. 1836 – DTSA)

53. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

54. Plaintiff's proprietary customer lists protect business relationships used in, or Intended for use in, interstate and international commerce.

55. Defendants unlawfully exfiltrated and misappropriated these trade secrets.

56. Plaintiff demands two times exemplary damages, attorney fees, and moves for an ex parte seizure order to secure the stolen digital data.

COUNT X:  Computer Fraud (Against All Defendants – 18 U.S.C. 1030 – CFAA)

57. Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

58. Defendant Isaiah Dixon knowingly and with intent to defraud accessed a protected Computer system without authorization, obtaining information valued well in excess of statutory limits,

59. This unauthorized intrusion directly caused severe economic damage and Impairment to Plaintiff's data integrity.

60. Plaintiff demands full compensatory damages and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Randal Robida, respectfully requests that this court enter judgement against the defendants, jointly and severally, for:

A. Double (2x) exemplary damages as provided by Wis. Stat. 895.446, Wis. Stat. 100.18, and 18 U.S.C. 1836;
B.  Punitive damages under Wisconsin Common Law and WUTSA;
C. Compensatory damages of $775,000.00;
D. A permanent injunction ordering the immediate return of the Facebook Page and all copies of the 50,000+ customer list;
E. Reasonable attorney fees, forensic investigation costs, and disbursements;

F.  Any other relief this Court deems just and equitable.

Dated this 28th day of July, 2026

Respectfully Submitted,

Randal Robida, Plaintiff Pro Se
4460 Arden View Court
Arden Hills, Minnesota 55112

(Temporary Residence with Intent to Return to Wisconsin)

**VERIFICATION**

I, Randal Robida, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the above-captioned matter, that I have read the foregoing Complaint, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 28th day of July 2026.

**Randal Robida, Plaintiff Pro Se**